UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| DEMOND JACKSON, | ) |
| Plaintiff, | ) Case: 2:25-cv-00449 |
| v. | ) |
| ABM INDUSTRY GROUPS, LLC, | ) |
| Defendant. | ) Jury Trial Demanded |

## COMPLAINT

Plaintiff, Demond Jackson ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against ABM Industry Groups, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendants race-based discrimination, race-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as Title VII and Section 1981 are federal statutes.

3. Venue of this action properly lies in the Eastern District of Wisconsin, Milwaukee Division, pursuant to 28 U.S.C. §1391(b) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction have been satisfied.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Waukegan, Illinois.

9. Defendant is a limited liability company that specializes in building maintenance and facility services.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a corrugate/recycling worker from April 2024 until his unlawful termination on or around January 9, 2025.

13. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of his employment.

14. Plaintiff is African American and is a member of a protected class because of his race.

15. Since at least April 2024 through January 9, 2025, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of race, violating §1981, Title VII.

16. Throughout Plaintiff's employment, he found that Hispanic co-workers were not disciplined as much as African American employees.

17. Hispanic employees frequently violated the company's break and phone policies without consequence, while African American employees, were closely monitored and even followed by supervisors.

18. This disparate treatment was particularly noticeable as, out of a crew of approximately 15 people, only two employees (including Plaintiff) were African American.

19. Not only was the constant supervision suffocating, but it felt particularly humiliating and dehumanizing as Plaintiff knew his co-workers of a different race were not subjected to the same level of scrutiny.

20. In or around November of 2024, Plaintiff began to make complaints about this disparate treatment to ABM's ethics line.

21. In total, Plaintiff made about 3–4 reports to the company's ethics line regarding race discrimination.

22. On or around December 27th, 2024, Plaintiff was making a complaint about race discrimination while standing in the entrance of the men's bathroom.

23. Plaintiff's supervisor approached Plaintiff during this call, and Plaintiff informed her that he was on an important phone call as he was making a report.

24. She responded that she was "not going to deal with [Plaintiff] today" and sent Plaintiff home early.

25. This response was inconsistent with company policy, as prior supervisors who attempted to send employees home early for insubordination were told they could not do so.

26. Nevertheless, Plaintiff was subjected to a punishment that was distinctly harsh in comparison to his non-African American co-workers.

27. When Plaintiff tried to return to work on or around December 28th, 2024, he found that his ID's access was revoked.

28. This caused Plaintiff to be locked out of the building.

29. Because there was no supervisor present at that time who could reset Plaintiff's ID, he was unable to enter and thus had to miss a day of work.

30. When Plaintiff returned to work on or around January 2nd, 2025, he had a meeting with one of his assistant managers (Maria LNU), a member of upper-management, and HR.

31. During this meeting, Plaintiff was issued a write-up for performance issues and violating the phone policy.

32. Plaintiff found this quite odd as, in addition to this being his first write-up, he had never previously been informed of any performance concerns.

33. On or around January 9th, 2025, Plaintiff was terminated.

34. Plaintiff was falsely accused by management of sitting in the break room for an hour and of having been absent without prior notice on or around January 8th, 2025.

35. Even if the former accusation was true, the resulting punishment would have been unusual in comparison to the punishments—or rather, lack thereof—given to Plaintiff's non-African American co-workers.

36. While Plaintiff had been absent on or around January 8th of 2025, he notified his manager of his absence due to car troubles.

37. From both the timeline of events and the continued disparate treatment of African American employees as compared to non-African American employees in Plaintiff's workplace, it is quite clear that the disciplinary actions taken against Plaintiff and his subsequent termination were unlawfully discriminatory in nature.

38. Rather than take the appropriate steps to address Plaintiff's substantive concerns regarding race discrimination, Defendant simply chose to obscure their unlawful conduct through a campaign of rank retaliation.

39. Plaintiff was unlawfully terminated because of his race, (African-American) on January 9, 2025.

40. Plaintiff was retaliated against and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

41. Plaintiff reported the race-based harassment to Defendant.

42. Plaintiff was targeted for termination because of his race.

43. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

44. There is a basis for employer liability for the race-based harassment that Plaintiff was subjected to.

45. Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to his manager about the harassment.

## COUNT I
### Violation of 42 U.S.C. §1981

**(Race-Based Discrimination)**

46. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

47. Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

48. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of 42 U.S.C. §1981.

49. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

50. Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

51. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Discrimination)**

52. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

53. By virtue of the conduct alleged herein, Defendant intentionally discriminated

against Plaintiff based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

54. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race.

55. Plaintiff met or exceeded performance expectations.

56. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

57. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

58. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Harassment)**

60. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

61. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

62. Defendant knew or should have known of the harassment.

63. The race-based harassment was severe or pervasive.

64. The race-based harassment was offensive subjectively and objectively.

65. The race-based harassment was unwelcomed.

66. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of

7

1964, as amended, 42 U.S.C. §2000e, *et seq.* due to Plaintiff's race, African-American.

67. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

68. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

69. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

70. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

71. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race discrimination and/or race-based harassment.

72. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

73. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of race discrimination or harassment.

74. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

75. Plaintiff's suffered adverse employment action in retaliation for engaging in protected activity.

76. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

77. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

78. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a.    Back pay with interest;

    b.    Payment of interest on all back pay recoverable;

    c.    Compensatory and punitive damages;

    d.    Reasonable attorneys' fees and costs;

    e.    Award pre-judgment interest if applicable; and

    f.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: March 25, 2025                                                Respectfully submitted,

                                                                           */s/ Mohammed O. Badwan, Esq.*
Mohammed O. Badwan, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
Phone (630) 575-8180

mbadwan@sulaimanlaw.com
*Attorney for Plaintiff*